UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Johnna Williams** | ) | |
| | ) | 4:16-cv-00074-RBH |
| Plaintiff, | ) | |
| v. | ) | Plaintiff's Memorandum in |
| | ) | Opposition to Defendant's |
| | ) | Motion to Dismiss |
| **Capital One Bank USA, N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Johnna Williams, hereby files this Memorandum in Opposition to Defendant's Motion to Dismiss. For the reasons set forth herein, Defendant's Motion is due to be denied.

**I.     Standard of Review**

"A motion to dismiss pursuant to *Fed. R. Civ. P.12(b)(6)* for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief." *Carrington v. Mnuchin, et al.*, 2014 U.S. Dist. LEXIS 119430 (D.S.C., Aug. 27, 2014). In reviewing a motion to dismiss the Court must consider the facts as alleged in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Kunda v. C.R. Bard, Inc.*, 2011 U.S. App. LEXIS 25580 (4th Cir. Md. 2011). A *Rule 12(b)(6)* motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the

case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 908 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the non-moving party must assert sufficient facts which, accepted as true, state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 884, 129 S. Ct. 1937, 173 L. Ed 2d 868 (2009). When there are well-pleaded factual allegations, the Court should assume the veracity of such facts and make a determination as to whether a cause of action arises that plausibly entitles the asserting party to relief. *Id*.

## II.     Argument

### A.     Plaintiff was not a member of the Class nor were her claims against Defendant released. Therefore, Defendant's Motion to Dismiss is due to be denied.

Defendant's memorandum in support of dismissing the Plaintiff's Complaint is devoid of two important facts: (1) that Plaintiff's account, which was originally an HSBC account rather than a Capital One account, was actually included in the class; and (2) that Plaintiff was therefore a member of the settlement class. Defendant is silent as to both of these facts because Defendant knows that Plaintiff's account was not included in the class action and subsequent settlement, and that therefore, Plaintiff's claims are not barred by the previous settlement.

The Settlement Agreement entered into and ultimately approved in *In re Capital One*

*Tel. Consumer Prot. Act Litig.,* No. 1:12-cv-10064, MDL No. 2416 (N.D. Ill.) (hereinafter *In re Capital One)* by Judge Holderman's Order dated February 23, 2015, specifically defined the "Released Claims" as:

> "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or related in any way to: (I) Capital One's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact **Settlement Class Members in connection with Capital One's Credit Card Accounts** via calls, as defined above, from January 18, 2008, to June 30, 2014 . . . .

(A copy of this Final Order and the attached Settlement Agreement is attached hereto as Exhibit A, pg. 24). Plaintiff did not have a Capital One credit card account; she had an HSBC credit card account for which she received collection calls from Capital One. As Plaintiff's account was an HSBC account and not a Capital One account, she was not a class member of the settlement agreement and her claims were not released in the class settlement agreement. This is further evidenced by the "Released Parties" definition within the class settlement agreement itself. "'Released Parties' means (1) Capital One Bank (USA) N.A., Capital One, N.A., Capital One Financial Corporation, Capital One Services, LLC, Capital One Services II, LLC, . . . (2) Leading edge Recovery Solutions, LLC, . . . (3) Capital Management Systems LP, . . . (4) AllianceOne Receivables management, Inc., . . . .

'Released Parties' specifically includes all corporate affiliates of Capital One, Leading Edge, CMS, and AllianceOne, respectively, that are related to **Capital One's credit-card lines of business**." (Exhibit A, pg 8). (Emphasis added).

Pursuant to the terms of the Settlement Agreement and definitions included therein, the class action only involved Capital One credit card accounts. It did not include HSBC credit card accounts. Both the "Released Parties" and "Released Claims" definitions expressly limit the parties and claims released to those involving Capital One credit card accounts. This is further supported by the notice that was mailed to class members specifically stating that "If you received a non-emergency call on your cellular telephone regarding debt collection for a **Capital One credit card** through the use of an automatic telephone dialing system and/or a prerecorded voice, you could receive a payment from a class action settlement." (Doc 9-2, Exhibit B-2 to Declaration of Erin L. Hoffman, pg 104-106). (Emphasis added). Plaintiff's claims were not included in the class settlement and none of Plaintiff's claims were released by the settlement agreement. Accordingly, Defendant's Motion to Dismiss is due to be denied.

That Plaintiff's account and the claims set forth in this action were not included in *In re Capital One* is further evidenced by Defendant's complete failure to provide any evidence that Plaintiff's name and account were included in the Class List which was prepared by Defendant and provided to BrownGreer, the claims administrator. (Original Declaration of Orran L. Brown, Sr., in Support of Final Approval filed *In re Capital One* attached hereto

as Exhibit B, pg. 6-7). Defendant was solely responsible for providing BrownGreer with an electronic list of the Settlement Class including the potential Class Member's name, last known mailing address, email address (if available), the **Capital One account number**, the cell phone number called, and the social security number. *Id*. (Emphasis added). Pursuant to 7.02 of the Settlement Agreement, this list was to be in an electronically searchable and readable format. (Exhibit A, pg. 22). As Defendant was responsible for providing the class list in an electronically searchable format, Defendant certainly had the ability to produce for this Court a showing that Plaintiff and her account were included on the class list. However, Defendant did not do so. While Defendant argues that Plaintiff's Complaint is due to be dismissed because she failed to submit a proper out-out form that would have removed her from the class, (Doc 9-1, pg 5), Defendant has not submitted any evidence that Plaintiff was ever part of the class. More importantly, Defendant has completely failed to submit any documentation showing that Plaintiff's name and account were included in and that she received actual notice of the class and her right to opt out. The reason for Defendant's failure to produce any such evidence is because Defendant knows that Plaintiff's account was not a Capital One credit card account and thus Plaintiff was not included in the class settlement.

For the Plaintiff's claims to be barred by res judicata, as alleged by Defendant, it is Defendant's burden to establish "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of

parties or their privies in the two suits." *See Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted).  As set forth above, *In re Capital One* is not a final judgment on the merits with respect to Plaintiff's claims as it only involved claims related to Capital One credit card accounts, not HSBC credit card accounts.  While both suits involve claims under the Telephone Consumer Protection Act, there is no identity of parties with respect to the Plaintiff and Defendant.  Defendant has failed to show this Court that Plaintiff was a class member, and that failure is terminal to Defendant's Motion to Dismiss.  The Released Claims in *In re Capital One* are specifically limited to Capital One credit-card accounts and thus, there is no res judicata or other bar of the Plaintiff's claims in this action.

### III. Conclusion

Wherefore, based upon all of the foregoing, the Plaintiff respectfully requests this Honorable Court to deny the Defendant's Motion to Dismiss in its entirety.  Should this Court determine that Plaintiff must more specifically allege her claims, Plaintiff requests that she be granted leave to file an Amended Complaint.

*/s/ Penny Hays Cauley*
Penny Hays Cauley (Federal Bar No. 10323)

**OF COUNSEL:**
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, South Carolina 29501
(843) 665-1717
(843) 665-1718 Facsimile

phc917@hayscauley.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that on March 28, 2016, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Richard C. Keller
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203

                                                  */s/ Penny Hays Cauley*
                                                  Of Counsel